UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TODD MARSHALL ) | |
| ) | |
| Plaintiff, ) | Civil No. 09-103-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION &** |
| MICHAEL J. ASTRUE, ) | **ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff, Todd Marshall, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner"), which denied his August 23, 2005, application for disability insurance benefits ("DIB"). For the reasons provided below, the Court reverses and remands the administrative decision.

**FACTUAL BACKGROUND**

Born in 1973, Marshall worked as a mason laying bricks and stones. Transcript ("Tr.") at 27; 86-87. On May 23, 2002, Marshall injured his back at work. *Id.* at 242. He experienced back pain while bending over to lift some bricks. *Id.* at 283. Because of the continued pain, he stopped working in December 2003, and now alleges his disability began on January 31, 2004. *Id.* at 21. After non-operative treatment failed to treat Marshall's back pain, Dr. Lambro Demetriades performed surgery on Marshall's back in July 2004. *Id.* at 268-69. Since his back pain continued, in June and July of 2005, Marshall went to Dr. Michael Lospinuso for a second

opinion. *Id.* at 424-25. On October 19, 2005, Dr. Lospinuso performed a second surgery on Marshall's back. *Id.* at 309, 426.

Following his two back surgeries, Marshall began psychological treatment. *Id.* at 394-95. In December 2005, Marshall saw Dr. Zulfiqar Rajput for depression. *Id.* Dr. Rajput diagnosed Marshall with major depressive disorder, serious, generalized anxiety disorder, and chronic pain. *Id.* at 395. Dr. Rajput prescribed Cymbalta, Neurton, and Trazadon to treat his mental disorders. *Id.* On January 12, 2006, Dr. Edward H. Tobe performed a psychiatric evaluation of Marshall. *Id.* at 383-86. Dr. Tobe concluded that Marshall "presents as 100% permanently and totally disabled from the workplace." *Id.* at 386.

Marshall then moved from New Jersey to Kentucky and began seeing Dr. Mark Etscheidt for psychiatric care in November 2006. *Id.* at 446-51. Dr. Etscheidt recommended therapy to deal with Marshall's depression. *Id.* at 450.

## PROCEDURAL BACKGROUND

Marshall filed an application for DIB on August 23, 2005. Tr. at 39, 62-64. The Social Security Administration denied his application initially on March 1, 2006, and then again upon reconsideration on June 14, 2006. *Id.* at 21. Thereafter, Marshall filed a written request for a hearing. *Id.* On April 22, 2008, Administrative Law Judge Jimmy Coffman ("ALJ") conducted a hearing and heard testimony from the plaintiff, Todd Marshall, and his wife, Kristin Marshall. *Id.* at 488-518 (transcript of hearing).

At the hearing, Marshall testified that before his injury he had worked as a mason for 10 years. *Id.* at 492. He had to lift up to 150 pounds as part of his job and was on his feet all day.

*Id.* at 493. Marshall testified that he suffers from frequent pain in his legs and back. *Id.* at 495-496. He stated that he has a decreased ability to handle stress, suffers from mood swings, and has trouble with deadlines. *Id.* at 502-503. Marshall also discussed his prior addiction to Percocet. *Id.* at 513-14. Marshall's wife testified that her husband suffers from depression and has difficulty concentrating. *Id.* at 516-517.

Following the April 22, 2008, hearing, the ALJ issued a decision on June 25, 2008, finding that Marshall was not disabled and, therefore, not entitled to DIB. *Id*. at 27-28. On January 30, 2009, the Appeals Council declined to review the ALJ's decision, *id.* at 7, at which point the ALJ's decision became the defendant's final decision.

Marshall now seeks judicial review in this Court. He filed a motion for summary judgment, R. 8, as did the defendant, R. 9.

## DISCUSSION

Among other things, Marshall argues that the ALJ's opinion was not based on substantial evidence since the ALJ did not consider the opinions of two of Marshall's mental health physicians, Dr. Rajput and Dr. Tobe. R. 8 at 9-12. Marshall is correct, and thus, the case must be remanded for further proceedings.

Judicial review is limited to determining whether substantial evidence supported the ALJ's ruling. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)). The Social Security Act provides that findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. *Heston*, 245 F.3d at 534 (citing 42 U.S.C. § 405(g)). Substantial evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston*, 245 F.3d at 534 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

When deciding the effects of Marshall's alleged mental impairments, the ALJ came to factual conclusions without considering contradictory evidence in the record. Tr. at 26. The ALJ stated that there was no significant history of treatment for mental health. *Id.* The ALJ went on to find that "there [was] *no* evidence of any significant mental problems and [that Marshall] did not seek *any* treatment until November 16, 2006, after moving to Kentucky." *Id.* (emphasis added). This finding is factually incorrect. Before November 16, 2006, Marshall saw two doctors in New Jersey about his mental health. Dr. Rajput and Dr. Tobe both diagnosed Marshall with mental problems. Marshall saw Dr. Rajput in December 2005, for depression. *Id.* at 394-95. Dr. Rajput diagnosed Marshall with major depressive disorder, serious, generalized anxiety disorder, and chronic pain. *Id.* at 395. Dr. Rajput also prescribed Cymbalta, Neurton, and Trazadon. *Id.* On January 12, 2006, Dr. Tobe performed a psychiatric evaluation of Marshall. *Id.* at 383-86. Dr. Tobe diagnosed Marshall with a mood disorder and "chronic pain with major depressive-like episode." *Id.* at 385. Dr. Tobe concluded that Marshall "presents as 100% permanently and totally disabled from the workplace." *Id.* at 386. The ALJ did not address—or even acknowledge—these doctor visits or Dr. Rajput's prescribed treatment. Instead, he only considered the mental health treatment that occurred after November 16, 2006. "It is the ALJ's duty to consider all of the evidence and make findings of fact and conclusions of law which adequately set forth the factual and legal basis for his decision." *Director, OWCP v. Rowe*, 710 F.2d 251, 254-55 (6th Cir. 1983) (remanding the case, in part, because the ALJ failed to set out

4

and discuss all of the medical evidence presented (citing *Volpe v. Northeast Marine Terminals*, 671 F.2d 697, 701 (2d Cir. 1982))). Here, the ALJ did not fulfill his duty to consider all of the evidence.

The Court must remand this case so the ALJ can make factual findings in light of *all* the evidence in the record. Substantial evidence means taking into account the entire record. *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987) ("'Substantiality of the evidence must be based upon the record taken as a whole' and 'must take into account whatever in the record fairly detracts from its weight.'" (quoting *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984))). When considering Marshall's mental impairments, the ALJ relied on the medical records from Marshall's treatment by Dr. Etscheidt. Tr. at 26. He failed to review the evidence from before November 2006, which contradicted his findings about Marshall's mental health impairments. "It is improper to base a decision on one single piece of evidence and to disregard other pertinent evidence." *Ellis v. Schweicker*, 739 F.2d 245, 249 (6th Cir. 1984) (citing *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978)); *see also Damron v. Sec'y of Health and Human Servs.*, 778 F.2d 279, 281 (6th Cir. 1985) (remanding the case because the ALJ "mechanically and improperly applied" regulations and failed to note all the information in the physician's report). Dr. Rajput and Dr. Tobe saw Marshall, but the ALJ improperly disregarded that evidence.

The defendant argues that Dr. Rajput and Dr. Tobe were not treating physicians, so the Social Security Act's requirement that an ALJ "give good reasons" for the weight given to their medical opinions does not apply. R. 9 at 8 (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)). The defendant is correct about the law. The Court, however, does not

5

reach the question of whether Dr. Rajput and Dr. Tobe were Marshall's treating physicians. Rather, the Court remands for a different reason. In this case, the ALJ affirmatively stated that he did not know of any mental health treatment before November 16, 2006. Tr. at 26. In *Smith*, there was no such statement or other affirmative evidence that the ALJ did not consider the entire record. Here, the ALJ did not consider the entire record, but he still concluded that Marshall: (1) did not receive any treatment for significant mental impairments and (2) did not have any significant mental problems. *Id.* Thus, the case must be remanded so the ALJ can fill the gaps in his factual findings. *See Rowe*, 710 F.2d at 255 ("When the ALJ fails to make important and necessary factual findings, the proper course . . . is to remand the case to the ALJ . . . rather than attempting to fill the gaps in the ALJ's opinion." (citing *Sprague v. Director, OWCP*, 688 F.2d 862, 868 n.11 (1st Cir. 1982); *Volpe*, 671 F.2d at 701; *Director, OWCP v. U.S. Steel Corp.*, 606 F.2d 53 (3d Cir. 1979))). The ALJ may decide that Dr. Rajput and Dr. Tobe are not treating physicians, and on that basis, he would not be obligated to give reasons for the weight he assigns their opinions. *See Smith*, 482 F.3d at 876. However, at the present posture, the ALJ made factual findings about Marshall's mental health without any knowledge of medical reports that contradict his findings. Since it is not the Court's place to make credibility determinations of doctors' reports, the ALJ must review these opinions on remand. *Id.* (stating that the credibility of a doctor's medical report is for the ALJ, as the factfinder, to decide).

In the alternative, the defendant argues that the ALJ's failure to consider these doctors' opinions was harmless error. R. 9 at 9 (citing *Heston*, 245 F.3d at 535). In *Heston*, the Sixth Court concluded that the ALJ's failure to review a summary of the plaintiff's medical history was

6

not reversible error. 245 F.3d at 536. *Heston* is distinguishable. There, the Court discounted the importance of the summary for three reasons. First, no objective medical evidence supported the report's conclusions. *Id.* at 535-36. Also, the summary was of the plaintiff's medical history before the period of disability. *Id.* at 536. Further, the court noted that the summary's limitations were already incorporated to the vocational expert's testimony. *Id.* Here, the importance of the opinions of Dr. Rajput and Dr. Tobe cannot be discounted for such reasons.

In fact, these opinions could impact how the ALJ sees Marshall's alleged mental health impairments. As the record stands, the ALJ did not find that Marshall had any significant mental problems or any significant treatment for such problems. *Id.* at 26. Yet, both Dr. Rajput and Dr. Tobe diagnosed Marshall with mental illnesses, and Dr. Rajput even prescribed him medication. That unreviewed evidence directly contradicts the ALJ's findings, and thus, it might alter the ALJ's findings. Also, Marshall and his wife both testified that Marshall suffered from depression. *Id.* at 488-518. But the ALJ did not find Marshall's testimony to be "entirely credible." *Id.* at 26. With the complete picture of Marshall's mental health treatment, the ALJ may have viewed the credibility of Marshall and his wife's testimony differently.

Additionally, the ALJ could have come out differently on his residual functional capacity ("RFC") determination if he had considered the opinions of Dr. Rajput and Dr. Tobe. *See id.* at 24-25. The Commissioner concedes that the ALJ found that Marshall had only "moderate mental limitations" and that the opinions of Dr. Rajput and Dr. Tobe conflicted with the ALJ's RFC determination. R. 9 at 3. This RFC determination was critical to the ALJ finding that Marshall was not disabled since, as the Commissioner states, the ALJ "noted in his RFC finding that

7

[Marshall's] mental impairments did not prevent him from doing the mental activities generally required for unskilled work." *Id.* at 13-14 (citing *tr.* at 24-25). With the contradictory opinions of Dr. Tobe and Dr. Rajput in mind, the ALJ may have found that Marshall had more severe mental limitations, and in turn, that those limitations prevented him from doing unskilled work. Failing to review this material evidence is not harmless error.

The defendant also contends that the ALJ's failure to review these two opinions is harmless error because the opinions are "disability opinions" that get no significant deference or controlling weight. R. 9 at 9 (citing 20 CFR § 404.1527(e)(1) (stating that the Commissioner makes the determination or decision about whether an individual meets the statutory definition of disability); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387 (6th Cir. 2004)). The defendant argues that they are "disability opinions" because they offer opinions about whether Marshall is disabled. However, the defendant misconstrues the opinions of Dr. Rajput and Dr. Tobe. They did not *only* state whether or not Marshall was disabled. Both doctors evaluated Marshall and diagnosed him. Dr. Rajput diagnosed Marshall with major depressive disorder, serious, generalized anxiety disorder, and chronic pain. Tr. at 395. Dr. Tobe diagnosed Marshall with a mood disorder and "chronic pain with major depressive-like episode." *Id.* at 385. In addition, both doctors provided the ALJ with extensive notes about their evaluations. *Id.* at 394-95 (Dr. Rajput's evaluation); 383-86 (Dr. Tobe's evaluation). Thus, these opinions cannot be discounted as merely "disability opinions." They are both evidence of treatment and two doctors' diagnoses.

The Court reverses and remands this case because the ALJ made factual findings not based on substantial evidence. The Court takes no position on the other arguments that the

8

plaintiff presents, and leaves it to the ALJ's discretion whether to consider those arguments on remand.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     The plaintiff's motion for summary judgment, R. 8, is **GRANTED**;

(2)     The defendant's motion for summary judgment, R. 9, is **DENIED**;

(3)     The administrative decision of the defendant is **REVERSED** and this action is **REMANDED** for further proceedings consistent with this opinion; and

(4)     A Judgment shall entered concurrently with this Memorandum Opinion and Order.

This the 11th day of January , 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge